**NATIONAL LABOR RELATIONS BOARD, Petitioner-Cross Respondent,**

v.

**ROGERS BROTHERS WHOLESALERS, Respondent-Cross Petitioner.**

**No. 75–2956**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1976.

Rehearing and Rehearing En Banc
Denied March 15, 1976.
As Modified March 29, 1976.

Elliott Moore, Deputy Assoc. Gen. Counsel, Alan Cirker, Jane P. Schlaifer, Deputy Regional Directors, Region 23, N.L.R.B., Washington, D. C., Louis V. Baldovin, Jr., Director, Region 23, N.L.R.B., Houston, Tex., for petitioner-cross respondent.

Gilbert T. Adams, Raymond M. Brassard, C. M. Bradford, Beaumont, Tex., for respondent-cross petitioner.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This case arises upon the petition of the National Labor Relations Board seeking enforcement of the decision and order of the Board, which, among other things,[1] ordered the reinstatement with back pay of two suspended employees of respondent. Respondent contends that there is no substantial evidence to sup-

---

* Rule 18, 5th Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5th Cir. 1970, 431 F.2d 409, Part I.

1. The Board ordered respondent to cease and desist from discouraging union membership, discriminatorily enforcing its no-solicitation rule and from interfering with the right of self-organization in any manner. Certain policing measures were also ordered. The Board's order substantially adopted that entered earlier by the administrative law judge, except that it added the paragraph forbidding discriminatory enforcement.

port the findings and conclusions of the NLRB.[2]

The administrative law judge found, among other things, that respondent's discharge of Aaron Cole and its indefinite suspension of Marie Cash[3] were discriminatory and unfair labor practices within the meaning of § 8(a)(3)[4] of the National Labor Relations Act and interfered with § 7 rights of its employees, in violation of § 8(a)(1)[5] of the act. The law judge's order that Cole and Cash be reinstated with back pay and that respondent terminate its anti-union activities was adopted[6] by the Board.

■ It is our conclusion that, although the evidence is in sharp conflict, this case involves credibility judgments that are best resolved by the trier of fact and the agency that possesses expertise in this area. Accordingly, since there is substantial evidence to support the findings, conclusions and order of the Board, and no other reasons having been shown to disestablish the validity of these actions, the order is due to be enforced. *See, e. g., Bowman Transportation, Inc. v. Arkansas Best Freight System, Inc.*, 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447, 454–55 (1974); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 485–86, 71 S.Ct. 456, 463, 95 L.Ed. 456, 466–67 (1951); *NLRB v. Pearl Bookbinding Co.*, 517 F.2d 1108, 1112 (1st Cir. 1975); *NLRB v. R. L. Sweet Lumber Co.*, 515 F.2d 785, 793 (10th Cir. 1975).

Enforced.

2. Respondent devotes less than two pages of its 56 page brief to an assertion that the administrative law judge erred in overruling its motion to strike an order of consolidation and in allowing the complaint to be amended. This contention is based on reasoning that an earlier informal settlement for a consent election was, effectively, res judicata with respect to the Board's claims. This argument is devoid of merit; the unlawful activities here involved occurred after the settlement agreement.

3. The judge also concluded that the termination of one Rejenia Cagle was not violative of

the act and dismissed the complaint as to this alleged violation. This dismissal has not been challenged by the NLRB.

4. 29 U.S.C. § 158(a)(3).

5. *Id.* at (a)(1).

6. With a minor change not here relevant, see note 1, *supra*.

